## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.     LAURA E. BONILLA, | ) | |
| | ) | |
|            Plaintiff, | ) | |
| v. | ) | CIV-23-334-SLP |
| | ) | |
| 1.     PRO ELECTRIC, INC., and | ) | |
| 2.     TIMOTHY JOHNSON, an individual, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
|            Defendants. | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Laura E. Bonilla, and for her Complaint against the Defendants, alleges and states as follows:

## PARTIES

1. Plaintiff, Laura E. Bonilla, is an adult female, who at all relevant times hereto was a resident of Canadian County, Oklahoma.

2. Defendants are:

    a. Pro Electric, Inc., ("Pro Electric") an entity doing business in and around Cleveland County, Oklahoma; and

    b. Timothy Johnson, an individual, who at all relevant times hereto operated Pro Electric, Inc.

## JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant Pro Electric and is based on the following claims: (a) race discrimination,

1

harassment, and the creation of a race-based hostile work environment and retaliation in violation of 42 U.S.C. §1981 and the Oklahoma Discrimination in Employment Act (Okla. Stat. tit 25 §§1101, *et seq.*) ("ODEA"); (b) gender discrimination, sexual harassment, the creation of a sexually hostile work environment and/or gender-based hostile work environment, and retaliation in violation of the ODEA; (c) violation of the Fair Labor Standards Act ("FLSA"); and (d) unpaid wages in violation of the Oklahoma Protection of Labor Act ("OPLA"), Okla. Stat. tit. 40 §§ 160, *et seq.*

4.  All acts complained of herein occurred in or around Cleveland County, and Defendants are located in and doing business in and around such county and may be served in that county.  Wherefore, venue is proper in this Court.

5.  To the extent required, Plaintiff has exhausted her administrative remedies as to the above-listed claims by timely filing a charge of discrimination with the Oklahoma Office of Civil Rights Enforcement ("OCRE") on or about on or about July 25, 2022.  A Dismissal and Notice of Rights letter was issued by the OCRE dated January 27, 2023, which was received by Plaintiff thereafter.  This case is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## STATEMENT OF FACTS

6.  Plaintiff, who is a Hispanic female, was employed as a Secretary with Defendant Pro Electric from in or around April 2022, until on or about July 6, 2022.

7.  Plaintiff was a satisfactory or better employee.  She was complimented on her work performance; received $3.00 per hour merit pay increases; and was not written up.

8. Despite this, Defendant Timothy Johnson, a White male who operates Pro Electric, fired Plaintiff on or about July 6, 2022 after she complained about the sexual harassment Johnson forced her to endure.

9. Particularly, within about one week of her hire, Johnson began subjecting Plaintiff to a near daily barrage of unwelcome and offensive sexually repulsive remarks and advances.

10. Johnson made graphic sexually explicit comments to Plaintiff, including comments about his dreams.

11. He frequently told Plaintiff that his wife could no longer have sex with him.

12. Johnson also frequently questioned Plaintiff about her personal life, attempting to pry into intimate details surrounding her relationship.

13. Johnson also repeatedly made comments about Plaintiff's buttocks and physical appearance, asked her for bikini pictures, and told her to wear "daisy duke" shorts to work.

14. Johnson also propositioned Plaintiff.

15. He made unwelcome and offensive sexual remarks to other employees as well, showing another female employee images of nude women and explicitly discussing his sex life with his wife and other women.

16. He also make sexually explicit comments about his then-Secretary's breasts, forcing the female employee to leave her job as she could no longer endure the unwelcome and offensive sexual comments by Johnson.

17. Johnson also made racist remarks during Plaintiff's employment.

18. In or around late-June 2022, while Plaintiff was assisting on a job site, Plaintiff and others were listening to Latino music on the radio. Johnson approached them and demanded there be "no more Mariachi music."

19. On or about June 20, 2022, Plaintiff told Johnson his behavior had to stop.

20. That same day, Plaintiff's minor son and his friend, who had been performing part-time work for Pro Electric, had expressed that they did not want to continue working for Johnson.

21. Johnson threatened Plaintiff's job and angrily stated she "was stabbing him in the back" by not forcing her son and his friend to continue working for him.

22. Plaintiff complained to Johnson about the manner in which he was treating her, including his constant sexual remarks and advances.

23. Johnson then demanded Plaintiff turn in her keys.

24. Plaintiff asked if she was being fired. She told Johnson that he continually subjected her to unwelcome and offensive sexual behavior, yet he was now firing her for no reason.

25. Johnson then retracted the termination and said Plaintiff could continue her employment.

26. On or about July 1, 2022, Johnson told Plaintiff he was going to the lake over the holiday weekend and asked that she assist him with getting his boat ready for the lake.

27. Johnson said that when his wife helps him with the task, it usually causes an

argument. He then looked at Plaintiff and said, "I must have married the wrong girl."

28. Later that day, Johnson sent Plaintiff a text, asking her to go to the lake with him under the guise that his "wife would enjoy [her] company." However, Plaintiff understood the true nefarious nature of Johnson's invitation.

29. Plaintiff did not go to the lake with him.

30. On or about July 6, 2022, the day Plaintiff was set to return to work following the holiday weekend, Johnson sent her a text, saying he "decided to go in a different direction" and was firing her.

31. On or about July 7, 2022, Plaintiff learned that Johnson was not going to pay her final paycheck. To date, Plaintiff has not been paid wages for hours worked that are due to her, approximately $360.00.

32. Significantly, in response to her charge of discrimination, Defendant Pro Electric did not deny it failed to pay Plaintiff her final paycheck.

33. Moreover, in its response to Plaintiff's charge, Defendant Pro Electric made inconsistent statements, denying Johnson invited Plaintiff to the lake, but later admitting that he did.

34. In its response to Plaintiff's charge, Defendant Pro Electric also denied that Johnson texted Plaintiff stating he "decided to go in a different direction," but later admitted sending such text.

35. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described below.

## COUNT I:  42 U.S.C. § 1981

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

36. This Count is asserted against all Defendants.

37. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination, harassment, the creation of a racially hostile work environment and retaliation.

38. Plaintiff is entitled to relief for race discrimination because she is Hispanic, she was qualified for her job, she was fired, and her job was not eliminated.

39. Moreover, Plaintiff is entitled to relief for racial harassment, as looking at the totality of the circumstances, Plaintiff was subject to harassment which was pervasive or severe enough to alter the terms, conditions or privileges of her employment, and the harassment was racial or stemmed from racial animus.

40. Plaintiff is also entitled to relief for retaliation because Plaintiff engaged in protected opposition to racism; she suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

41. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

42. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

**COUNT II: Race Discrimination, Harassment and Retaliation**

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

43. This count is asserted against Defendant Pro Electric.

44. The matters alleged above constitute violations of the ODEA in the nature of race discrimination, race-based harassment, the creation of a race-based hostile work environment and retaliation.

45. Plaintiff is entitled to relief for race discrimination because she is Hispanic, she was qualified for her job, she was fired, and her job was not eliminated.

46. Moreover, Plaintiff is entitled to relief for racial harassment, as looking at the totality of the circumstances, Plaintiff was subject to harassment which was pervasive or severe enough to alter the terms, conditions or privileges of her employment, and the harassment was racial or stemmed from racial animus.

47. Plaintiff is also entitled to relief for retaliation because Plaintiff engaged in protected opposition to racism; she suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

48. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by state law. Plaintiff is also entitled to liquidated damages under the ODEA.

**COUNT III: Gender Discrimination, Sexual Harassment and Retaliation**

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

49. This Count is asserted against Defendant Pro Electric.

50. The matters alleged above constitute violations of the ODEA in the nature of gender discrimination, sexual harassment, the creation of a sexually hostile work environment, and retaliation.

51. Plaintiff is entitled to relief for gender discrimination because Plaintiff is female; she was qualified for her job; she was terminated; and her job was not eliminated.

52. Plaintiff is also entitled to relief for sexual harassment and the creation of a sexually hostile work environment, as looking at the totality of the circumstances, Plaintiff was subject to conduct of a sexual nature; the conduct was unwelcome; and the conduct was sufficiently severe or pervasive to alter the terms, conditions or privileges of her employment.

53. Plaintiff is also entitled to relief for retaliation because Plaintiff engaged in protected opposition to sex-based discrimination and harassment; she suffered adverse actions subsequent to the protected activity; and a causal link exists between the protected activity and the adverse actions.

54. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by state law.  Palitniff is also entitled to liquidated damages under the ODEA

**COUNT IV: Unpaid Wages in Violation of the FLSA**

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

55. This Count is asserted against Defendant Pro Electric.

56. Plaintiff has not been paid for wages earned and due to her on her final paycheck.

57. The failure to compensate Plaintiff for time worked (as described herein) is a violation of the Fair Labor Standards Act.

58. As such, Plaintiff is entitled to all damages provided for by law, including attorneys' fees and costs. And, based on the willful violation of the law, Plaintiff is entitled to liquidated damages.

## COUNT V: Unpaid Wages in Violation of the OPLA

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

59. This Count is asserted against Defendant Pro Electric.

60. Plaintiff has not been paid for wages earned and due to her on her final paycheck.

61. The failure to pay monies earned (as described herein) is a violation of Oklahoma state law, Okla. Stat. tit. 40, §165.3.

62. As such, Plaintiff is entitled to all damages provided for by law, including attorneys' fees and costs. And, based on the willful violation of the law, Plaintiff is entitled to liquidated damages.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests the Court enter judgment in favor of Plaintiff and against the Defendants and assess lost wages, including back pay and front pay, actual, compensatory, liquidated and punitive damages together with pre- and post-judgment interests, costs, attorney's fees, all other damages available under federal and Oklahoma state law, and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 21ST DAY OF APRIL, 2023.**

> **s/Jana B. Leonard**
> **JANA B. LEONARD, OBA# 17844**
> **SHANNON C. HAUPT, OBA #18922**
> **KARINA LUECK, OBA # 35171**
> **LEONARD & ASSOCIATES, P.L.L.C.**
> **8265 S. WALKER**
> **OKLAHOMA CITY, OK 73139**
> **(405) 239-3800      (telephone)**
> **(405) 239-3801      (facsimile)**
> **leonardjb@leonardlaw.net**
> **haupts@leonardlaw.net**
> **lueckkr@leonardlaw.net**
> **JURY TRIAL DEMANDED**
> **ATTORNEYS' LIEN CLAIMED**